5/1/2024 1:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87262464
By: Monica Jackson
Filed: 5/1/2024 1:40 PM

NO. 2024-28091

| | | |
|---|---|---|
| R. DENNIS KENNEDY, ANGELES VALENCIANO, PETER JASON DEGROOT, AND JASON LEE<br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY<br>*Defendant.* | § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, T E X A S<br><br><br>281  JUDICIAL  DISTRICT |

## ORIGINAL PETITION

Plaintiffs R. Dennis Kennedy ("Kennedy"), Angeles Valenciano ("Valenciano"), Peter Jason DeGroot ("DeGroot"), and Jason Lee ("Lee") (collectively, the "Plaintiffs" or "Individual Insureds") bring this Original Petition complaining of United States Liability Insurance Company ("USLI"), and, in support thereof, would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1. Plaintiffs and the Individual Insureds intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### RULE 47 STATEMENT OF RELIEF

2. Plaintiffs and the Individual Insureds affirmatively plead that they seek from USLI monetary relief in an amount more than $250,000.00, but less than One Million Dollars. In the alternative, Plaintiffs and the Individual Insureds seek relief from USLI in excess of One Million Dollars but less than Two Million Dollars.

### PARTIES

3. Plaintiff R. Dennis Kennedy is an individual who resides in Harris County, Texas.

4. Plaintiff Angeles Valenciano is an individual who resides in Bexar County, Texas.

5. Plaintiff Peter Jason DeGroot is an individual who resides in Harris County, Texas.

**EXHIBIT 4**

6. Plaintiff Jason Lee is an individual who resides in Harris County, Texas.

7. Defendant United States Liability Insurance Company is a Pennsylvania corporation that engages in the business of insurance in Texas. USLI conducts business in the State of Texas and which may be served by its agent for service, Daniel Bueckler, Thompson Coe Cousins, 700 N. Pearl Street, Ste. 2500, Dallas, TX 75201-2832, or wherever he may be found.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds this Court's minimal jurisdictional requirements.

9. Pursuant to Sections 15.002 of the Texas Civil Practices and Remedies Code, venue is proper in Harris County, Texas, because all or a substantial part of the facts giving rise to the action arose in Harris County, Texas.

## FACTS

10. Until they were constructively discharged from the National Diversity Council ("NDC") in January and February of 2023, Plaintiffs and the Individual Insureds were executive officers, employees, and independent contractors of the NDC, the Named Insured Organization in the Non-Profit Management Liability Policy Numbered NDO1583534B ("Policy") issued by USLI (the "Insurer").

11. Each of the Plaintiffs are "Individual Insureds" as that term is defined in the Policy.

12. Founded in 2008 by Kennedy, the NDC is one of the oldest non-profit diversity, equity, inclusion and belonging ("DEIB") organizations in the United States. For over 15 years, Kennedy, Valenciano and DeGroot (the "Executive Plaintiffs") built the NDC from the ground up into a champion for DEIB in workplaces and communities.

13. Lee was engaged as an independent contractor to provide assistance with

information technology, including maintenance of the website and administration of the server.

14. Originally the Executive Plaintiffs worked for the NDC without receiving compensation, but always with the express understanding that the compensation would be paid once vested. Because the Executive Plaintiffs' goals were to see that the NDC and its mission were successful, they willingly agreed to this arrangement.

15. At all times, the NDC Board knew and approved of this back pay obligation (the "Back Pay"), as reflected in its public filings as well as the NDC Board of Directors (the "NDC Board") approved annual budgets. It cannot be disputed that the NDC accepted the benefits of the Executive Plaintiffs' work with the knowledge that they were relying on the specific representations that they would eventually be compensated at the agreed amounts.

16. Over time, interest grew in the NDC and its goals as many corporations turned their focus to promoting diversity and inclusion in the workplace. It was then that the NDC was able to pay a salary to the Executive Plaintiffs and the Back Pay vested.

17. In late 2022, the NDC retroactively looked back at and questioned the Back Pay. In early 2023, the NDC Board informed Kennedy that his position would no longer be paid as of January 31, 2023, and threatened to reduce the other Executive Plaintiffs' salaries. Without any basis in law, the NDC Board then demanded that the Executive Plaintiffs return the Back Pay which was vested and paid (so that it could "complete [its] ongoing forensic accounting project") and, again without any basis in law, the NDC Board refused to make payment of the remaining Back Pay earned and vested.

18. During this same period of time, the NDC's Board began to assert ownership of domains, websites and other intellectual property registered, owned and/or controlled by Kennedy, culminating in an entirely separate dispute involving Kennedy and Lee.

19. The NDC Board suspended Lee's services on January 26, 2023, and the Executive Plaintiffs were constructively discharged from the NDC shortly thereafter.

20. On February 16, 2023, Kennedy filed suit in the Harris County District Court in Cause Number 202310425 (the "Back Pay Lawsuit") against the NDC alleging claims relating to the Back Pay as well as other claims relating to ownership of the email accounts, websites, and prospective and existing contracts and business relationships (the "Other Claims"). DeGroot and Valenciano later intervened in the Back Pay Lawsuit, asserting similar Back Pay claims.

21. On information and belief, the NDC made a claim under the Policy. On information and belief, the Insurer tendered a defense to the NDC on that claim.

22. In retaliation for the Back Pay Lawsuit, the NDC Board turned around and filed suit against the Individual Insureds and other entities (the "Federal Defendants") in Federal Case 4:23-CV-1162 filed in the Southern District of Texas (the "Federal Case"). As set forth on the face of the pleadings against them, each of the Federal Defendants held elevated leadership roles within the NDC or were affiliated with one more of the Individual Insureds in their respective capacity as an executive or was an employee or independent contractor of the NDC.

23. In the Federal Case, the Individual Insureds are named in some of the counts, including breach of contract, breach of fiduciary duty, conversion, violations of the Computer Fraud and Abuse Act (the "CFAA"), and civil conspiracy. The supporting allegations to each of these counts necessarily involves separate acts or omissions, with varying characteristics as pled by the NDC.

24. More specifically, the NDC alleges that the Individual Insureds engaged in a concerted effort to breach non-disclosure agreements and fiduciary duties in order to engage in a scheme to divert to themselves funds belonging to the NDC (i.e., the Back Pay). As alleged, the

Individual Insureds, acting in concert for the advancement of a collective goal, facilitated the diversion of the NDC's funds through the unauthorized use of a computer system protected under the CFAA, and also with that same computer system, caused the stoppage of invoices to which members of NDC were entitled pursuant to contracts with the NDC. The NDC also seems to allege that Individual Insureds engaged in a concerted effort to undermine or otherwise disenfranchise the potential business relationships of the NDC.

25. For reasons immaterial to this action, the Executive Plaintiffs dismissed the Back Pay Lawsuit and refiled those same claims in the Federal Case as a Counter-Claim.

26. The Executive Plaintiffs then provided USLI notice under the Policy.

27. Lee since provided notice under the Policy, simultaneously with filing suit.[1]

28. In material part, the Policy provides under Part A, that the Insurer will pay, on behalf of an "Individual Insured" for loss and defense costs resulting from a "Claim" made first against the "Individual Insured" during the Policy period, to the extent the "Individual Insured" is not indemnified by the "Organization." The Policy defines "Individual Insured" as any past, present, or future Executive, Employee, or legal representative or assign of an Executive or Employee. "Employee," in turn, includes leased, part-time, seasonal, and temporary workers, independent contractors, volunteers, and interns. The Policy also defines "Organization" as the Named Insured or any subsidiary of the Named Insured. Under these definitions, these Plaintiffs are Individual Insured under the Policy and NDC is the Organization under the provisions.

29. Next the Policy defines "Claim" as any written demand for monetary damages or non-monetary relief, or any civil proceeding commenced by service of a complaint—which is received by or brought initiated against any "Insured" alleging a "Wrongful Act." The Policy

---

[1] To the extent required or requested, Lee will abate as appropriate.

5

defines "Insured" as "any Organization and any Individual Insured." It is important to note that the Policy recognizes that there is a distinction between the Insured and Individual Insured under this Policy.

30. "Wrongful Act" is in relevant part defined as any "actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duties"—which is committed or allegedly committed by "the Organization", or "any Individual Insured arising solely from duties conducted on behalf of the Organization or asserted against an Individual Insured because of any actual or alleged act, error...." The Federal Case is an action commenced by the service of a complaint, said action was initiated against the Individual Insureds and involves allegations of actual or alleged acts, errors, omissions, misstatements, misleading statements, neglect, or breach of duties. Furthermore, the underlying lawsuit alleges that the Individual Insureds' liability arises from acts, errors, omissions, misleading statements, and/or breach of duty.

31. Texas law provides that the inquiry for the duty to defend has nothing to do with whether the underlying factual allegations are true or believable. The Insurer therefore is prohibited from reading facts into the pleadings, considering information outside of the pleadings, and may not imagine factual scenarios which might trigger or negate coverage. Instead, the allegations are taken as they appear in the pleadings.

32. As alleged, the NDC's claims originate from some allegedly intentional, deliberate, or otherwise fraudulent act or omission of Individual Insureds, such that all of the operative allegations against the Individual Insureds can be considered to have the same origin. As such, the Federal Case is a Claim, as defined by the Policy, and was filed within the effective period of the Policy. Moreover, the NDC is not indemnifying the Individual Insureds for any loss or defense costs for this Claim. Therefore, the Individual Insureds' "Claim" is entitled to coverage under

Policy Part A, including coverage for resulting loss and defense costs arising from the Federal Case, if coverage is not excluded.

33. Insurer's refusal to provide coverage has left the Individual Insureds in the position of having to fund their own defense, causing substantial damage and hardship.

## CONDITIONS PRECEDENT

34. Individual Insureds incorporate the foregoing paragraphs as if fully set forth herein.

35. All conditions precedent to Individual Insureds' rights to bring this suit and to recover have been performed, waived, or have occurred.

## CAUSES OF ACTION

36. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

37. Based upon the foregoing facts and allegations, all of which are incorporated herein, the Individual Insureds bring the following causes of action.

**BREACH OF CONTRACT**

38. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

39. Despite receipt and retention of its benefits under the contract for insurance, USLI breached its insurance contract by failing to defend against, provide reimbursement of defense expenses for, and indemnify the Individual Insureds for losses incurred in connection with the Federal Case.

40. USLI's breach has caused actual and consequential damages to Individual Insureds for which they bring suit.

**BAD-FAITH DENIAL OF COVERAGE**

41. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth

7

herein.

42. By virtue of Plaintiffs' status as "Individual Insureds" under the Policy, USLI owed Plaintiffs a duty of good faith and fair dealing with respect to Plaintiffs' claim for coverage. USLI breached this duty by denying coverage without a good-faith basis or adequate investigation and by refusing to pay benefits when it knew, or should have known, that its liability was reasonably clear.

43. In the course of denying the Individual Insureds' claim, USLI made false statements concerning the coverage offered by the Policy—specifically, false statements that the claims were not covered when in fact they were.

44. As a result of USLI's conduct, the Individual Insureds were damaged, including all the elements of damage enumerated below. Further, the conduct of USLI was fraudulent, knowing, and intentional so as to entitle Individual Insureds to treble or exemplary damages.

**VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

45. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

46. As a corporation engaged in the insurance business, USLI is considered a "person" for purposes of liability under Sections 541.002(2) and 542.002 of the Texas Insurance Code.

47. USLI refused to tender a defense or otherwise reimburse the Individual Insureds without conducting a reasonable investigation. Further, counsel for USLI misrepresented the terms of the Policy by stating that the Federal Case was not a covered Claim.

48. USLI therefore violated Chapters 541 and 542 of the Insurance Code by (1) refusing to pay a claim without conducting a reasonable investigation with respect to thereto (TEX. INS. CODE §541.060(a)(7)) and (2) misrepresenting to a claimant a material fact or policy provision

relating to coverage at issue (id. §§541.060(a)(1), 542.003(b)(1)).

49. USLI engaged in this conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions, as it possessed copies of court filings and correspondence clearly demonstrating that the Policy covered the Federal Case, especially when it was at the same time defending against the Back Pay Lawsuit. Accordingly, USLI violated Chapter 541 "knowingly" as that term is used in Insurance Code sections 541.002(1) and 541.152(b).

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

50. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

51. Texas imposes a common law duty on insurers to "deal fairly and in good faith with their insureds." This duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer. A breach of the duty of good faith and fair dealing gives rise to a tort cause of action that is separate from any action for breach of the underlying insurance policy.

52. Here, and especially given the inconsistent coverage determinations as between the NDC versus the Individual Insureds, there is no reasonable basis for the Insurer's denial of or delaying the benefits of the Policy to the Individual Insureds and the Insurer knew or should have known that there was not a reasonable basis for that denial or delay. Therefore, the Insurer breached its duty to deal fairly and in good faith with the Individual Insureds and the Individual Insureds are entitled recovery of their actual, extra-contractual, damages for their economic or personal injuries. The Individual Insureds are further entitled to recovery of exemplary damages because they have suffered actual damages for an injury independent of the loss of policy benefits and the

9

Insurer's conduct was fraudulent, malicious, intentional, or grossly negligent. Finally, the Individual Insureds are entitled to recovery of their court costs and attorney's fees.

## DAMAGES

53. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

54. USLI has caused actual damages to Individual Insureds in an amount consisting of attorneys' fees and litigation costs connected to the defense of the claims the subject of the Federal Case.

55. Individual Insureds respectfully request a judgment for actual, special, equitable, economic, and statutory damages, personal injuries, statutory penalties, and equitable remedies, together with such other and further relief to which they may be justly entitled.

## POLICY BENEFITS

56. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

57. Individual Insureds are entitled to the promised Policy benefits—namely, reimbursement of all "Loss" as defined in the Policy, including and without limitation to lost benefits, lost compensation, out-of-pocket expenses, and attorneys' fees incurred in the defense of the Federal Case.

## EXEMPLARY AND TREBLE DAMAGES

58. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

59. Individual Insureds are entitled to exemplary and additional damages as a result of USLI's bad faith and egregious, fraudulent, intentional, and knowing conduct.

## ATTORNEYS' FEES

60. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

61. USLI's refusal to cover the Individual Insureds' Claim caused them to retain attorneys licensed to practice in the State of Texas. Pursuant to Texas Civil Practice and Remedies Code Chapter 38, the Texas Insurance Code, and the Deceptive Trade Practices Act, Individual Insureds pray for recovery for its costs, including attorney's fees through trial and any subsequent appeal, as well as pre- and post-judgment interest on such amounts.

## JURY DEMAND

62. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

63. The Individual Insureds demand a jury and have paid the fee.

## OTHER MATTERS

64. Individual Insureds incorporate the foregoing paragraphs as if each is fully set forth herein.

65. To the extent necessary, Individual Insureds plead the doctrines of estoppel, quasi-estoppel, and contract by estoppel.

66. Individual Insureds would show that no exclusion to coverage is applicable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs and Individual Insureds R. Dennis Kennedy ("Kennedy"), Angeles Valenciano ("Valenciano"), Peter Jason DeGroot ("DeGroot"), and Jason Lee ("Lee") respectfully pray for the following against United States Liability Insurance Company ("USLI"):

1. All recoverable damages, including actual, special, equitable, economic, and statutory damages, personal injuries, statutory penalties, and equitable remedies, as are proven herein or at the time of trial;

2. The benefits under the Policy, including reimbursement of all "Loss" as defined in the Policy, including and without limitation to lost benefits, lost compensation, out-of-pocket expenses, and attorneys' fees incurred in the defense of the Federal Case;

3. Exemplary and treble damages;

4. Pre- and post-judgment interest;

5. Recovery of its attorney's fees incurred herein for the causes of action asserted herein; and

6. For such other and further relief to which this Court deems Intervention Plaintiffs justly entitled.

Respectfully submitted,

CONKLIN STERNFELS PETTY, PLLC

By: */s/ Melissa Nicholson Sternfels*
Melissa N. Sternfels
Texas Bar No. 24037181
901 Heights Boulevard
Houston, Texas 77008
melissa@thecspfirm.com
Direct Dial: 713.997.2416
Fax: 713.660.1801

*Counsel for Plaintiffs*