IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. DENNIS KENNEDY ET AL., *Plaintiffs* | § § § | |
| v. | § § | Civil No. 4:24-cv-02139 |
| UNITED STATES LIABILITY INSURANCE COMPANY, *Defendant* | § § § § | JURY REQUESTED |

**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant United States Liability Insurance Company ("Defendant" or "USLIC"), Defendant in the above entitled and numbered cause, files a Response to Plaintiffs' Motion for Summary Judgment and respectfully shows the Court the following.

### I. Plaintiffs failed to move or address their extra-contractual claims.

The parties agreed to submit cross-motions for summary judgment on September 30, 2024. Plaintiffs did not move on any of their extra-contractual claims or address those issues. Regardless, USLIC incorporates its Motion addressing why Plaintiffs' extra-contractual claims fail as a matter of law to preserve judicial economy. Doc. 7.

### II. The Insured v. Insured exclusion prohibits coverage defense.

Plaintiffs spend a significant amount of time addressing the merits of the underlying lawsuit. At this juncture, this Court's analysis is limited to the underlying lawsuit's Second Amended Complaint and the Policy. *Gulf Chem. & Metallurgical*

1

*Corp. v. Assoc. Metals & Minerals Corp.,* 1 F.3d 365, 369 (5th Cir. 1993) (applying Texas law). Regardless, Plaintiffs made no effort to explain or address why they are entitled to coverage or why the Insured v. Insured exclusion does not apply. If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage. *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.,* 130 S.W.3d 181, 193 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Century Sur. Co. v. Hardscape Constr. Specialties, Inc.,* 578 F.3d 262, 265 (5th Cir.2009).

Instead, Plaintiffs attempt to rewrite the Policy by blending the Insured v. Insured exclusion with its exceptions. Doc. 9, p. 13. This is not correct, nor is it the plain and ordinary meaning of the Policy.

In the relevant part, the Insured v. Insured Exclusion prohibits defense and indemnity for the actions NDC alleges against Plaintiffs in the underlying lawsuit.

The Insured v. Insured Exclusion states:

**DO 100 (05-17) Directors and Officers Coverage Part:**

IV. EXCLUSIONS

> A. The **Company** shall not be liable to make payment for **Loss** or **Defense Costs** in connection with any **Claim** made against the **Insured** arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

* * *

Insured vs. Insured

**Claim** brought by or on behalf of any **Insured**, provided that this exclusion shall not apply to:

1. any derivative action on behalf of, or in the name or right of the **Organization,** if such action is brought and maintained independent of and without the solicitation, assistance, participation or intervention of any **Insured**;
2. any **Claim** in the form of a cross claim, third party claim or other claim for contribution or indemnity by any **Individual Insured** which is part of or results directly from a **Claim** which is not otherwise excluded under this **Policy**;
3. any **Claim** brought or maintained by or on behalf of a bankruptcy or insolvency trustee, examiner, liquidator, receiver, rehabilitator, or creditors committee for an **Organization**; or
4. any **Claim** brought and maintained by or on behalf of any former **Executive**, but only if such **Claim** does not arise out of, directly or indirectly result from, is in consequence of, or in any way involves any **Wrongful Act**, responsibilities, actions or failure to act by any **Insured** during the tenure of service of such former **Executive**.

Plaintiffs do not dispute that the NDC is a Named Insured and that they also meet the definition of Individual Insureds under the Policy. Doc. 9, p. 10. Plaintiffs do not deny that they seek defense and indemnity for causes of action that the NDC asserts against them in NDC's Second Amended Complaint. Doc. 9, p.8. As such, the Insured v. Insured exclusion prohibits coverage under the Policy because it prohibits claims brought by **any** insured. Exhibit B. (USLIC is not liable for **Loss** of **Defense Costs** in connection with "**Claim** brought by or on behalf of any **Insured**").

The burden shifted back to Plaintiffs to prove the Insured v. Insured exclusion does not apply or that they meet one of its four exceptions. Courts consider exclusions and their exceptions as a whole to support their conclusions. *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 652 (Tex.1999)("When interpreting a contract, we examine the entire agreement in an effort to harmonize and give effect to all provisions of the contract so that none will be meaningless."); *Kelley–Coppedge,*

*Inc.,* 980 S.W.2d at 464 (observing that we must "attempt to give effect to all contract provisions so that none will be rendered meaningless"). As explained in USLIC's Motion for Summary Judgment, none of the Plaintiffs qualify for the four exceptions outlined after the Insured v. Insured exclusion.

Indeed, Plaintiffs do not contend exception no. 4—the closest possible exception that could apply to this case—should apply. Rather, Plaintiffs make an argument that exception no. 4 also does not apply because NDC is not a former executive bringing a lawsuit against them.[1] That is correct. Consequently, Plaintiffs are not removed from the grasp of the Insured v. Insured exclusion since NDC is an Insured bringing claims against Plaintiffs who are Individual Insureds under the Policy.

As explained by USLIC in its Motion for Summary Judgment, exception no. 4 does not apply for an additional reason. That is, NDC alleges that Plaintiffs engaged in Wrongful Acts during their service as executives in the Underlying Lawsuit. Exhibit A. Regardless, Plaintiffs admit they do not meet exception no. 4 and offer no explanation why the Court should not apply the Insured v. Insured exclusion to coverage. Plaintiffs claim for defense and indemnity must be denied under the eight corners test because the Policy expressly does not provide coverage to them for the allegations NDC alleges in their Second Amended Complaint in the underlying lawsuit.

---

[1] While concluding that NDC is not a former executive may seem obvious, it requires extrinsic evidence beyond the pleadings and the Policy. USLIC's focus on the Plaintiffs' underlying bad conduct alleged in the Underlying Lawsuit is within the Court's eight-corner's analysis, and a more efficient way to demonstrate why exception four does not apply.

### III. The Wrongful/Intentional Conduct Exclusion also precludes Plaintiffs' request for indemnity under the D&O Policy.

If the Court determines the Insured v. Insured exclusion does not apply, a second exclusion prohibits indemnity under the Policy. That is, if Kennedy, DeGroot, Valenciano, and Lee are legally obligated to pay a **Loss** as alleged in the complaint, the Wrongful Conduct Exclusion precludes indemnity coverage because their purported deliberate bad conduct made the basis of the underlying lawsuit involves alleged fraud and willful violations of various statutes and regulations. The underlying allegations also contend that Plaintiffs orchestrated a years-long scheme to improperly profit from NCC's donations, staffing, resources, name, platform, and trademarks. Exhibit **A**, Second Amended Complaint. Plaintiffs are alleged to have misappropriated donor funds by unilaterally paying themselves enormous salaries. Exhibit **A**, Second Amended Complaint. The Policy does not provide indemnity for the alleged bad conduct in the underlying lawsuit.

**DO 100 (05-17) Directors and Officers Coverage Part:**

IV. EXCLUSIONS

> B. The **Company** shall not be liable to make payment for **Loss** or **Defense Costs** in connection with any **Claim** made against the **Insured** arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

Conduct
1. deliberately fraudulent act, omission, criminal act, or willful violation of any statute or regulation by any **Insured** or

2. any **Insured** having gained any profit, remuneration or other advantage to which such **Insured** was not legally

        entitled, provided that this exclusion will not apply to **Defense Costs** incurred until:

    a.    final, non-appealable adjudication in any underlying proceeding or action establishes such conduct; or

    b.    the **Insured** has admitted, stipulated, or pleaded no contest to such conduct;

* * *

Exhibit B, Policy.

So, in addition to the Insured v. Insured Exclusion prohibiting defense and indemnity, the Wrongful Conduct Exclusion precludes Plaintiffs' claims for indemnity because the allegations in the underlying lawsuit's Second Amended Complaint involve excluded conduct. Further, to the extent the underlying lawsuit is completed prior to the conclusion of this case, defense costs are likewise precluded.

## Conclusion

For these reasons, Defendant USLIC prays that the trial court denies Plaintiffs' Motion for Summary judgment, grants its Motion for Summary Judgment, and dismisses Plaintiffs' claims in their entirety. Defendant USLIC also requests any such further relief to which it is justly entitled.

By: */s/ Raymond M. Kutch*
    Daniel P. Buechler
    State Bar No. 24047756
    dbuechler@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    Plaza of the Americas
    700 North Pearl Street, 25th Floor
    Dallas, Texas 75201
    Telephone: (214) 871-8200
    Facsimile: (214) 871-8209

    -and-

    Raymond M. Kutch
    State Bar No. 24072195
    rkutch@thompsoncoe.com
    Jacqueline Kamaie
    State Bar No. 24116597
    jkamaie@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    4400 Post Oak Parkway, Suite 1000
    Houston, Texas 77027
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2024, a true and correct copy of the foregoing was served on counsel via electronic notice and/or certified mail, return receipt requested:

Melissa Nicholson Sternfels
CONKLIN STERNFELS PETTY, PLLC
901 Heights Blvd.
Houston, TX 77008
melissa@thecspfirm.com

***Attorney for Plaintiffs***

                                          */s/ Raymond M. Kutch*
                                          Raymond M. Kutch