IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. DENNIS KENNEDY ET AL., *Plaintiffs* | § § § | |
| v. | § § | Civil No. 4:24-cv-02139 |
| UNITED STATES LIABILITY INSURANCE COMPANY, *Defendant* | § § § § | JURY REQUESTED |

**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant United States Liability Insurance Company ("Defendant" or "USLIC"), Defendant in the above entitled and numbered cause, files its Reply in Support of its Motion for Summary Judgment and respectfully shows the Court the following.

### I. The Insured v. Insured exclusion prohibits coverage, and Plaintiff did not address *why* it does not apply.

Plaintiffs made no effort to explain or address why they are entitled to coverage or why the Insured v. Insured exclusion does not apply. If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage. *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins.,* 130 S.W.3d 181, 193 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Century Sur. Co. v. Hardscape Constr. Specialties, Inc.,* 578 F.3d 262, 265 (5th Cir.2009).

Instead, Plaintiffs attempt to rewrite the Policy by blending the Insured v. Insured exclusion *with* its exceptions (Doc. 10, p. 13). This is not correct, nor is it the

1

plain and ordinary meaning of the Policy. In the relevant part, the Insured v. Insured exclusion prohibits defense and indemnity for the actions NDC alleges against Plaintiffs in the underlying lawsuit.

The Insured v. Insured Exclusion states:

**DO 100 (05-17) Directors and Officers Coverage Part:**

IV. EXCLUSIONS

> A. The **Company** shall not be liable to make payment for **Loss** or **Defense Costs** in connection with any **Claim** made against the **Insured** arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

\* \* \*

Insured vs. Insured

**Claim** brought by or on behalf of any **Insured**; provided that this exclusion shall not apply to:

> 1. any derivative action on behalf of, or in the name or right of the **Organization,** if such action is brought and maintained independent of and without the solicitation, assistance, participation or intervention of any **Insured**;
> 2. any **Claim** in the form of a cross claim, third party claim or other claim for contribution or indemnity by any **Individual Insured** which is part of or results directly from a **Claim** which is not otherwise excluded under this **Policy**;
> 3. any **Claim** brought or maintained by or on behalf of a bankruptcy or insolvency trustee, examiner, liquidator, receiver, rehabilitator, or creditors committee for an **Organization**; or
> 4. any **Claim** brought and maintained by or on behalf of any former **Executive**, but only if such **Claim** does not arise out of, directly or indirectly result from, is in consequence of, or in any way involves any **Wrongful Act**, responsibilities, actions or failure to act by any **Insured** during the tenure of service of such former **Executive**.

Plaintiffs do not dispute that NDC is an Insured and that Plaintiffs meet the definition of Individual Insureds under the Policy. Doc. 10, p. 10. Plaintiffs do not deny that they seek defense and indemnity for causes of action that NDC asserts against them. Doc. 10, p.8. Indeed, Plaintiffs contend "[s]imply, the Claim was brought and maintained *against* former Executives." Doc. 10, p. 14. As a result, the Insured v. Insured exclusion prohibits coverage under the Policy because it bars claims brought by **any** insured. Exhibit B. (USLIC is not liable for **Loss** of **Defense Costs** in connection with "**Claim** brought by or on behalf of any **Insured**").

The burden shifted back to Plaintiffs to prove that the Insured v. Insured exclusion does not apply or that they meet one of its four exceptions. Courts consider exclusions and their exceptions as a whole to support their conclusions. *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 652 (Tex.1999)("When interpreting a contract, we examine the entire agreement in an effort to harmonize and give effect to all provisions of the contract so that none will be meaningless."); *Kelley–Coppedge, Inc.,* 980 S.W.2d at 464 (observing that we must "attempt to give effect to all contract provisions so that none will be rendered meaningless"). As explained in USLIC's Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment, none of the Plaintiffs qualify for the four exceptions listed after the Insured v. Insured exclusion.

Indeed, Plaintiffs do not contend exception no. 4—the closest possible exception that could apply to this case—should apply. Rather, Plaintiffs make an argument that exception no. 4 also does not apply because NDC is not a former executive suing

3

them. That is correct; therefore, Plaintiffs are not removed from the grasp of the Insured v. Insured exclusion.

As explained by USLIC in its Motion for Summary Judgment, exception no. 4 does not apply for a second reason. That is, NDC alleges that Plaintiffs engaged in Wrongful Acts during their service as executives in the underlying lawsuit. Exhibit A. Regardless, Plaintiffs admit they do not meet exception no. 4 and offer no explanation why the Court should not apply the Insured v. Insured exclusion to coverage. Plaintiffs claim for defense and indemnity must be denied under the eight corners test because the Policy expressly does not provide coverage to them for the allegations NDC alleges in their Second Amended Complaint in the underlying lawsuit.

## II. A common law duty of good faith and fair dealing does not exist in this context.

Plaintiffs, who are Individual Insureds under NDC's Policy, are not entitled to defense or indemnity because the Insured v. Insured exclusion prohibits it, and none of Plaintiffs qualify for one of the four exceptions to the Insured v. Insured exclusion. Plaintiffs, without any citation, contend that the tort of good faith and fair dealing exists in this context despite Texas courts stating otherwise. "Texas law does not recognize a claim for bad faith premised on the insurer's handling of a third-party claim, [Insured's] claim for breach of the common-law duty of good faith and fair dealing fails as a matter of law." *Canal Indem. Co. v. Caljet, II, LLC*, No. 4:19-CV-2945, 2022 WL 2902845, at *2 (S.D. Tex. July 7, 2022); *see Mid-Continent Cas. Co. v.*

4

*Eland Energy, Inc.*, 795 F. Supp. 2d 493, 507 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

Plaintiffs conflate the concept of first-party and third-party insurance claims in an attempt to create a cause of action that Texas does not recognize. Plaintiffs, who are Individual Insureds, are seeking defense and indemnity for third-party claims asserted against them. They are seeking defense for alleged harm they have caused NDC. Under Texas law, in the context of bad faith, a "first-party claim" is stated when the insured seeks recovery for the insured's *own* loss, while a "third-party claim" is stated when the insured seeks coverage for injuries *to* a third party. *See Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493 (N.D. Tex. 2011), aff'd, 709 F.3d 515 (5th Cir. 2013). NDC's pleaded causes of action against Plaintiffs in the underlying lawsuit involve the latter, and Plaintiffs seek defense and indemnity arising out of those claims.

"An insurer's common law duty in this third-party context is limited to the *Stowers* duty to protect the insured by accepting a reasonable settlement offer within policy limits." *Mid–Continent Ins. Co. v. Liberty Mut. Ins.,* 236 S.W.3d 765, 776 (Tex.2007) (citation omitted). "This is because 'an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights,' which give rise to causes of action sounding in contract and negligence." *Md. Ins. Co. v. Head Indus. Coatings & Servs., Inc.,* 938 S.W.2d 27, 28–29 (Tex.1996).

### III. Even if USLIC was incorrect in its coverage position, the bona fide dispute doctrine forecloses Plaintiffs' statutory 541 claims.

Plaintiffs contend, "there can be no bona fide dispute where the Policy language cited by the Insurer does not apply." Doc. 10, p. 17. This assertion is not correct and contrary to longstanding Texas authority. "An insurer's basis for denying or delaying payment can be 'reasonable' even if it eventually turns out to be erroneous." *Tex. Friends Chabad-Lubavitch, Inc. v. Nova Cas. Co.*, 539 F. Supp. 3d 669, 682 (S.D. Tex. 2021) (citing *Thompson v. Zurich Am. Ins.*, 664 F.3d 62, 66 (5th Cir. 2011)); *Lyons v. Millers Cas. Ins. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993). A "bona fide dispute" regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code. *Hall Arts Ctr. Off., LLC v. Hanover Ins.,* 327 F. Supp. 3d 979, 999 (N.D. Tex. 2018) (citing *Higginbotham v. State Farm Mut. Auto. Ins.,* 103 F.3d 456, 459 (5th Cir. 1997)). Plaintiffs' sole basis for their Chapter 541 claims is their assertion that USLIC denied and refused coverage based on two exclusions that do not apply. Doc. 10, p. 17. While USLIC affirmatively demonstrated why Plaintiffs are not entitled to coverage under the Policy, even if the Court finds USLIC's interpretation and application of the Insured v. Insured exclusion was not correct, that finding alone does not establish a Chapter 541 violation.

### IV. Plaintiffs' alternative argument is not supported under Texas law, nor does it follow the plain, ordinary meaning of the Policy.

Last, Plaintiffs contend erroneously that USLIC characterized them as "third parties" and not "Insureds," which is a "misrepresentation on the face of the policy."

6

Doc. 10, p. 17. This argument fails for two reasons. First, USLIC has never asserted that Plaintiffs were not Insureds or classified them as "third parties." USLIC's reference to third-party *claims* asserted against Plaintiffs framed the carrier's common law duties when compared with first-party *claims*. Plaintiffs seek defense and indemnity for the damages they allegedly caused NDC—this requires the Court to conduct a purely contractual analysis for purposes of the duty to defend.

Second, Plaintiffs' contention that a misrepresentation appears on the face of the Policy is not a cause of action under the Texas Insurance Code and departs from this Court's four-corner analysis (eight corners in the context of duty to defend). Under Texas law, insurance policies are construed under the same rules as contracts. *Canutillo Independent Sch. Dist. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 99 F.3d 695, 700 (5th Cir. 1996). The terms used in an insurance policy are to be given their ordinary and generally accepted meaning unless the policy shows that they were meant in a technical or different sense. *Id.* The contract is to be considered as a whole, with each part given effect and meaning. *Id.* "When the terms of an insurance policy are clear and unambiguous a court may not vary those terms." *Id., Paloma Res., LLC v. Axis Ins.,* 452 F. Supp. 3d 579, 584 (S.D. Tex. 2020), appeal dismissed sub nom. *Paloma Res., LLC v. Axis Ins.,* No. 20-20242, 2020 WL 6482072 (5th Cir. July 29, 2020).

To make out a prima facie case of misrepresentation, an insured must show that the person making the statement was an agent of the insurance company and that the statement was false. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.,* 322 F.3d 847, 859 (5th Cir. 2003) (citing *Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96,

98–99 (Tex. 1994). Plaintiffs cannot meet this burden of proof and fail to identify anyone who misrepresented coverage to them. While *someone* can misrepresent policy terms *to* an insured, a policy cannot misrepresent itself *on its face,* as Plaintiffs suggest. This is precisely why Texas courts use the eight-corners analysis when interpreting insurance policies. Besides, an insured has a "duty to read the policy and, failing to do so, [is] charged with knowledge of its conditions and coverage." *Heritage Manor of Blaylock Properties, Inc. v. Petersson,* 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). There is no question that Plaintiffs are Insureds under the Policy. That said, the Policy simply excludes defense and indemnity for the claims asserted against them in the underlying lawsuit. Consequently, the duty to defend or indemnity is not owed under the Policy.

          By: */s/ Raymond M. Kutch*
              Daniel P. Buechler
              State Bar No. 24047756
              dbuechler@thompsoncoe.com
              THOMPSON, COE, COUSINS & IRONS, LLP
              Plaza of the Americas
              700 North Pearl Street, 25th Floor
              Dallas, Texas 75201
              Telephone: (214) 871-8200
              Facsimile: (214) 871-8209

              -and-

Raymond M. Kutch
State Bar No. 24072195
rkutch@thompsoncoe.com
Jacqueline Kamaie
State Bar No. 24116597
jkamaie@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of the foregoing was served on counsel via electronic notice and/or certified mail, return receipt requested:

Melissa Nicholson Sternfels
CONKLIN STERNFELS PETTY, PLLC
901 Heights Blvd.
Houston, TX 77008
melissa@thecspfirm.com

*Attorney for Plaintiffs*

*/s/ Raymond M. Kutch*
Raymond M. Kutch
