United States District Court
Southern District of Texas
**ENTERED**
November 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. DENNIS KENNEDY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02139 |
| | § | |
| UNITED STATES LIABILITY INSURANCE COMPANY, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Pending before the Court is the defendant's, United States Liability Insurance Company ("USLIC"), motion for summary judgment (Dkt. No. 8) and the plaintiffs', R. Dennis Kennedy, Angeles Valenciano, Peter Jason DeGroot, and Jason Lee (collectively, "Executives") motion for summary judgment (Dkt. No. 9). The plaintiffs have filed a response to the defendant's motion (Dkt. No. 10), and the defendant has filed a reply (Dkt. No. 12). After reviewing the motions, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

**II.    FACTUAL BACKGROUND AND CONTENTIONS**

The National Diversity Council (NDC), a nonprofit organization that focuses on promoting diversity, equity, inclusion, and belonging (DEIB), was founded in 2008 by R. Dennis Kennedy ("Kennedy") and has been a leader in DEIB efforts for over 15 years. Kennedy, along with fellow Executives dedicated themselves to building the NDC from the ground up, initially working

without pay. This arrangement was made with the mutual understanding and approval of the NDC Board, which promised back pay once the organization could afford it. The back pay obligation was openly acknowledged in NDC's public filing and annual budgets, reflecting the Board's recognition of the Executives' efforts and deferred compensation.

As the NDC grew in prominence, driven by increased corporate interest in DEIB initiatives, the organization eventually reached a position where it could compensate the Executives and fulfill its back pay commitments. However, in late 2022, the NDC Board reversed its stance, questioning the legitimacy of the back pay, even though it had paid a portion of the commitment, and demanded that the portion paid be returned. The Board also threatened to reduce the Executives' salaries and refused to pay the remaining vested back pay.

A few months later, in January 2023, NDC suspended Jason Lee's services. Shortly afterward, the rest of the Executives were discharged from their roles at NDC. Following their departure, Kennedy filed a lawsuit in Texas state court seeking unpaid wages and contesting NDC's claims over certain intellectual property. Valenciano and DeGroot later joined the suit. In response, NDC initiated a federal lawsuit against the Executives, alleging breach of fiduciary duty, contractual violations, conversion of funds, conspiracy, and unauthorized computer access under the Computer Fraud and Abuse Act (CFAA). The federal lawsuit accused them of orchestrating a scheme to divert NDC's assets, disrupt its contracts, and harm its business relationships.

The Executives sought protection from NDC 's Non-Profit Management Liability Policy issued by USLIC. The policy allegedly covers claims against the Executives arising from wrongful acts performed in their roles at NDC. However, USLIC denied coverage, leaving the Executives to bear the financial burden of defending against NDC's claims. The Executives argue that USLIC has failed to meet its burden of proving that policy exclusions apply, as required under Texas Law.

They contend that the insurance policy obligates USLIC to cover their costs for claims made against them that arise during their tenure as Executives of the NDC. They assert that the underlying lawsuit qualifies as a covered claim under the policy because it was filed during the policy period and alleges wrongful acts committed in their capacity as Executives.

### III.   DEFENDANT'S CONTENTIONS

USLIC argues that it has no duty to defend or indemnify the Executives under the applicable Directors and Officers (D&O) policy. USLIC contends that under Texas law, the "eight corners" rule governs whether an insurer must defend an insured, requiring the court to consider only the allegations in the underlying complaint and the terms of the insurance policy without reference to extrinsic evidence. Hence, USLIC argues that the duty to defend arises only if the factual allegation in the complaint, when taken as true, potentially falls within the policy's coverage. Thus, USLIC contends that a review of the complaint in the underlying lawsuit fails to allege facts that trigger coverage, focusing on the absence of a qualifying "Wrongful Act" as defined in the policy.

Moreover, USLIC asserts, the policy's "Insured v. Insured Exclusion" precludes coverage because the claims in the underlying lawsuit were brought by NDC, the named insured, against its former Executives. Therefore, the "Wrongful Conduct Exclusion" bars coverage for indemnity. The complaint in the underlying lawsuit alleges fraudulent and willful misconduct by the Executives, including misappropriation of donor funds and self-enrichment. However, because the policy disallows coverage for losses resulting from deliberate fraud or willful violations against NDC such conduct is conclusively determined not to have occurred.

USLIC, asserts two other bases for denial of coverage. First, it contends that Texas law does not recognize a duty of good faith and fair dealing in the context of an insurer's denial of

defense under a third-party liability policy. Lastly, USLIC argues that the Executives' claims under Chapter 541 of the Texas Insurance Code for alleged bad-faith denial of coverage must also fail, as the denial was based on clear and applicable policy exclusions.

## IV. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine'

issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## V. ANALYSIS & DISCUSSION

The Court grants USLIC's motion for summary judgment. This ruling is based on the clear application of the "Insured v. Insured" exclusion within the policy, which precludes coverage for claims brought by one insured against another. The Executives concede that NDC, the entity bringing the underlying lawsuit, qualifies as an insured, and that they too are insureds under the policy. Consequently, the burden shifted to the Executives to demonstrate that one of the four exceptions to the exclusion applies. However, they have failed to meet this burden.

The derivative action exception does not apply in this case because the claims are not derivative in nature. The exception for crossclaims or third-party claims is also inapplicable, as the lawsuit is a direct claim by NDC. The bankruptcy or insolvency exception is irrelevant because the claims were not brought by a trustee or an insolvency-related party. While the Executives argued that the exception for claims by former executives could apply, this exception is expressly limited to claims that do not involve alleged wrongful acts committed by the Executives during their tenure. Since the underlying lawsuit alleged wrongful acts during the Executives' tenure, the exception does not apply here.

Further, the Executives' claims for breach of the duty of good faith and fair dealing and violations of Chapter 541 of the Texas Insurance Code fail as a matter of law. Under Texas law, the duty of good faith and fair dealing applies only in the context of first-party insurance claims, where an insured seeks recovery for its own losses. In this case, the Executives seek coverage for third-party claims brought by NDC. Texas law limits the insurer's duties to contractual obligations. Likewise, the Bona Fide Dispute Doctrine shields USLIC from liability under Chapter 541. Texas

courts have consistently held that where there is a reasonable basis for denying coverage, the insured suffers no liability.

The Executives' claims of misrepresentation are similarly unsupported. To establish a prima facie case of misrepresentation, the Executives must show that an agent of USLIC made a false statement regarding coverage. No evidence of any such statements of misrepresentation is pled. Moreover, the policy terms are interpreted based on their plain language under the "eight-corners rule." Given the clear terms of the policy, USLIC has no duty to defend or indemnify the Executives. Therefore, the Court finds that no genuine issue of material fact exists and concludes that USLIC is entitled to judgment as a matter of law. Accordingly, USLIC's motion for summary judgment is **GRANTED** and the Executives' motion for summary judgment is **DENIED**.

It is so **ORDERED**.

SIGNED on November 27, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge